UNITED STATES of America, Plaintiff

v.

**$68,120.00 IN UNITED STATES CURRENCY, Defendant**

**Case No. 3:15CV2371**

United States District Court, N.D. Ohio, Western Division.

Filed 07/10/2017

Phillip J. Tripi, Office of the U.S. Attorney, Cleveland, OH, for Plaintiff.

Esteban R. Callejas, Bowling Green, OH, for Defendant.

## ORDER

James G. Carr, Sr. U.S. District Judge

This is a forfeiture action under 21 U.S.C. § 881(a)(6).

On April 24, 2015, the Ohio State Highway Patrol conducted a traffic stop on a Jeep Liberty that Ernesto Solis was driving at an excessive speed. (Doc. 1 at ¶11). During a consent search of the vehicle, troopers discovered forty bundles of currency—each rubber-banded and wrapped in saran wrap—under the carpet beneath the rear seat. (*Id.* at ¶¶19–20). That currency—$68,120.00—is the subject of this forfeiture proceeding.

Based on the seemingly ample evidence indicating either that the currency was proceeds of drug trafficking or that Solis intended to use it to facilitate drug trafficking—Solis's inconsistent and unconvincing statements about the origins and ownership of the funds, the currency's packaging and location in the vehicle, and the fact that a "drug dog" later "alerted" on the funds (*id.* at ¶¶13–26)—the Drug Enforcement Agency seized the currency.

Solis retained counsel and filed an answer asserting his entitlement to the funds. (Doc. 8). Nevertheless, Solis has not responded to the government's special interrogatories, even though I and the parties extended the deadline to do so two times. (Doc. 18 at 4–5; Doc. 19 at 1).

Pending are: 1) Solis's counsel's motion for leave to withdraw from the representation (Doc. 20); and 2) the government's motion to strike Solis's claim and answer as a sanction for not responding to the interrogatories (Doc. 18). For the following reasons, I grant both motions.

First, Solis's attorney notes that Solis has stopped communicating with him: counsel's "numerous attempts" to reach Solis by telephone and letter have all gone unanswered. (Doc. 20 at 1). Because counsel has thus shown good cause for his request, I grant the motion to withdraw.

Second, Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions authorizes me to strike a claim or answer when a claimant does not respond to special interrogatories. *U.S. v. $25,982.28 in U.S. Currency*, 2015 WL 410590, *3 (N.D. Ohio) (Lioi, J.).

Here, it is undisputed that Solis, through counsel, received the government's special interrogatories. (Doc. 18 at 11). It is likewise undisputed that Solis, despite receiving several extensions of time in which to respond to the interrogatories, has yet to do so. (*Id.* at 4–5) (initial deadline was December 7, 2016; parties agreed to extend final deadline twice, to April 14, 2017).

Given Solis's "complete failure to respond to the government's Rule G(6) interrogatories," I will grant the government's motion and strike Solis's answer. *$25,982.28 in U.S. Currency, supra*, 2015 WL 410590, *3.

It is, therefore,

ORDERED THAT:

1. Counsel's motion to withdraw (Doc. 20) be, and the same hereby is, granted;

2. The government's motion to strike Solis's answer (Doc. 18) be, and the same hereby is, granted; and

3. The government's motion for a default judgment due on or before Au-

gust 1, 2017; Solis's opposition due on or before September 15, 2017; and the government's reply, if any, due on or before September 29, 2017.

So ordered.